David Krieger, Esq.
Nevada Bar No. 9086
Shawn Miller, Esq.
Nevada Bar No. 7825
KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Parkway
Suite 200
Henderson, Nevada 89052
Phone: (702) 848-3855
Email: dkrieger@kriegerlawgroup.com
Email: smiller@kriegerlawgroup.com

Attorney for Plaintiff
*William Berry, Jr*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| WILLIAM BERRY, JR, | |
| Plaintiff, | Civil Action No.: _____ |
| v. | |
| AARGON AGENCY, INC; PLUSFOUR, INC; QUANTUM COLLECTIONS; AND RICHLAND HOLDINGS, INC DBA ACCOUNTCORP OF SOUTHERN NEVADA, | **COMPLAINT** |
| Defendants. | |

For this Complaint, Plaintiff William Berry, Jr, by undersigned counsel, states as follows:

## **JURISDICTION**

1. This action arises out of repeated violations of the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the illegal harassment of Plaintiff in efforts to collect consumer debts.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the U.S. District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b), as Defendants transact business in the State of Nevada.

**PARTIES**

4. Plaintiff William Berry, Jr ("Plaintiff") is an adult individual residing in Las Vegas, Nevada, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Aargon Agency, Inc ("Aargon") is doing business in the State of Nevada as a business entity operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Defendant Plusfour, Inc ("Plusfour") is doing business in the State of Nevada as a business entity operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

7. Defendant Quantum Collections ("Quantum") is doing business in the State of Nevada as a business entity operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

8. Defendant Richland Holdings, Inc dba Accountcorp of Southern

Nevada ("Richland") is doing business in the State of Nevada as a business entity operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## AARGON'S FDCPA VIOLATIONS ON PLAINTIFF'S EXPERIAN REPORT

9. Plaintiff allegedly incurred a financial obligation ("Preventive Debt") to Preventive Pest Management ("Preventive").

10. The Preventive Debt arose from services provided by Preventive which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

11. The Preventive Debt was purchased, assigned or transferred to Aargon for collection, or Aargon was employed by Preventive to collect the Preventive Debt.

12. Aargon attempted to collect the Preventive Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

13. While Plaintiff did incur the Preventive Debt, Plaintiff paid it to Preventive in its entirety. Plaintiff had no responsibility for the Preventive Debt at the time Aargon engaged in its collection efforts.

14. In an Experian credit report dated July 24, 2020, Aargon inaccurately reported Plaintiff owed a past due amount of $352 on the Preventive Debt (as seen below) when, in fact, Plaintiff owed $0.



15. Since Plaintiff did not owe the Preventive Debt, it was not only inaccurate and misleading to report any past due balance or any account in collections, it was blatantly false.

## AARGON'S FDCPA VIOLATIONS ON PLAINTIFF'S TRANSUNION REPORT

16. In a TransUnion credit report dated July 28, 2020, Aargon inaccurately reported Plaintiff owed a past due amount of $352 on the Preventive Debt (as seen below) when, in fact, Plaintiff owed $0.

17. Since Plaintiff did not owe the Preventive Debt, it was not only

inaccurate and misleading to report any past due balance or any account in collections, it was blatantly false.

## PLUSFOUR'S FDCPA VIOLATIONS ON PLAINTIFF'S EQUIFAX REPORT

### The Optumcare Debt

18. Plaintiff allegedly incurred a financial obligation ("Optumcare Debt") to Optumcare Lung Allergy Care ("Optumcare").

19. The Optumcare Debt arose from services provided by Optumcare which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

20. The Optumcare Debt was purchased, assigned or transferred to Plusfour for collection, or Plusfour was employed by Optumcare to collect the Optumcare Debt.

21. Plusfour attempted to collect the Optumcare Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

22. While Plaintiff did incur the Optumcare Debt, Plaintiff's insurance provider took full responsibility for the Optumcare Debt. Plaintiff had no responsibility for the Optumcare Debt above any copay he would have rendered at the time services were provided.

23. In an Equifax credit report dated July 25, 2020, Plusfour inaccurately reported Plaintiff owed a balance of $451 on the Optumcare Debt (as seen below)

when, in fact, Plaintiff owed $0.

> Plusfour, Inc; Collection Reported 07/2020; Assigned 06/2019; Creditor Class - Medical/Health Care; Original Creditor - Optumcare Lung Allergy Care; Amount - $425 ; Status as of 07/2020 - Unpaid; Date of 1st Delinquency 09/2018; Balance as of 07/2020 - $451 ; Individual Account; Account # - ▇▇▇▇▇▇ Address: 6345 S Pecos Rd Ste 212 Las Vegas NV 89120-6224 ; (702) 898-1033

24. Since Plaintiff did not owe the Optumcare Debt, it was not only inaccurate and misleading to report any past due balance or any account in collections, it was blatantly false.

## The Desert Radiology Debt

25. Plaintiff allegedly incurred a financial obligation ("Desert Debt") to Desert Radiology ("Desert").

26. The Desert Debt arose from services provided by Desert which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

27. The Desert Debt was purchased, assigned or transferred to Plusfour for collection, or Plusfour was employed by Desert to collect the Desert Debt.

28. Plusfour attempted to collect the Desert Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

29. While Plaintiff did incur the Desert Debt, Plaintiff's insurance provider took full responsibility for the Desert Debt. Plaintiff had no responsibility for the Desert Debt above any copay he would have rendered at the time services were provided.

30. In an Equifax credit report dated July 25, 2020, Plusfour inaccurately reported Plaintiff owed a balance of $114 on the Desert Debt (as seen below) when, in fact, Plaintiff owed $0.

> Plusfour, Inc; Collection Reported 07/2020; Assigned 01/2017; Creditor Class - Medical/Health Care; Original Creditor - Desert Radiology; Amount - $93 ; Status as of 07/2020 - Unpaid; Date of 1st Delinquency 09/2016; Balance as of 07/2020 - $114 ; Individual Account; Account # -          Address: 6345 S Pecos Rd Ste 212 Las Vegas NV 89120-6224 ; (702) 898-1033

31. Since Plaintiff did not owe the Desert Debt, it was not only inaccurate and misleading to report any past due balance or any account in collections, it was blatantly false.

## PLUSFOUR'S FDCPA VIOLATIONS ON PLAINTIFF'S EXPERIAN REPORT

### The Optumcare Debt

32. In an Experian credit report dated July 24, 2020, Plusfour inaccurately reported Plaintiff owed a past due amount of $451 on the Optumcare Debt (as seen below) when, in fact, Plaintiff owed $0.

> PLUSFOUR Partial Acct #          S PECOS RD STE 212 LAS VEGAS NV 89120 (702) 826 2000
>
> Date opened: Jun 2019
> Address ID #: 0178428335
> Original creditor: OPTUMCARE LUNG ALLERGY CARE
> Type: Collection
> Responsibility: Individual
> First reported: Sep 2019
> Terms: 1 Months
> Monthly payment: Not reported
> Credit limit or original amount: $425
> High balance: Not reported
> Recent balance: $451 as of Jul 2020
> Status: Collection account. $451 past due as of Jul 2020. This account is scheduled to continue on record until Jun 2025.
> Date of Status: Jun 2019
>
> Payment history:
> 2020: Jan C, Feb C, Mar C, Apr C, May C, Jun C, Jul C
> 2019: Sep C, Oct C, Nov C, Dec C

| Account History | Jun20 | May20 | Apr20 | Mar20 | Feb20 | Jan20 | Dec19 | Nov19 | Oct19 | Sep19 |
|---|---|---|---|---|---|---|---|---|---|---|
| AB ($) | 448 | 446 | 449 | 446 | 444 | 441 | 438 | 436 | 433 | 432 |
| DPR | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND |
| SPA ($) | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND |
| AAP ($) | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND |

(AB = Account Balance, DPR = Date Payment Received, SPA = Scheduled Payment Amount, AAP = Actual Amount Paid)

The original amount of this account was $425

33. Since Plaintiff did not owe the Optumcare Debt, it was not only

inaccurate and misleading to report any past due balance or any account in collections, it was blatantly false.

### The Desert Radiology Debt

34. In an Experian credit report dated July 24, 2020, Plusfour inaccurately reported Plaintiff owed a past due amount of $114 on the Desert Debt (as seen below) when, in fact, Plaintiff owed $0.

[Experian credit report excerpt showing PLUSFOUR account: Date opened Jun 2019; Address ID # 0178428335; Original creditor OPTUMCARE LUNG ALLERGY CARE; Type Collection; Responsibility Individual; First reported Sep 2019; Terms 1 Months; Monthly payment Not reported; Credit limit or original amount $425; High balance Not reported; Recent balance $451 as of Jul 2020; Status Collection account. $451 past due as of Jul 2020. This account is scheduled to continue on record until Jun 2025; Date of Status Jun 2019. Account History AB ($): Jun20 448, May20 446, Apr20 449, Mar20 446, Feb20 444, Jan20 441, Dec19 438, Nov19 436, Oct19 433, Sep19 432. The original amount of this account was $425.]

35. Since Plaintiff did not owe the Desert Debt, it was not only inaccurate and misleading to report any past due balance or any account in collections, it was blatantly false.

### PLUSFOUR'S FDCPA VIOLATIONS ON PLAINTIFF'S TRANSUNION REPORT

### The Optumcare Debt

36. In a TransUnion credit report dated July 28, 2020, Plusfour inaccurately reported Plaintiff owed a past due amount of $451 on the Optumcare

Debt (as seen below) when, in fact, Plaintiff owed $0.

> **PLUS FOUR INC #**[redacted] ( PO BOX 95846, LAS VEGAS, NV 89193-5846, (702) 898-1033 )
> Placed for collection: 06/24/2019    Balance: $451    Pay Status: >In Collection<
> Responsibility: Individual Account    Date Updated: 07/06/2020
> Account Type: Open Account    Original Amount: $425
> Loan Type: COLLECTION AGENCY/ATTORNEY    Original Creditor: MEDICAL-OPTUMCARE LUNG ALLERGY CARE (Medical/Health Care)
> Past Due: >$451<
> Remarks: >PLACED FOR COLLECTION<
> Estimated month and year that this item will be removed: 08/2025

37. In two subsequent TransUnion reports, Plusfour again reported Plaintiff had a past due balance on the Optumcare Debt, this time $455.

> **PLUS FOUR INC** [redacted] ( PO BOX 95846, LAS VEGAS, NV 89193-5846, (702) 898-1033 )
> We investigated the information you disputed and the disputed information was **VERIFIED AS ACCURATE**. Here is how this item appears on your credit report following our investigation.
> Placed for collection: 06/24/2019    Balance: $455    Pay Status: >In Collection<
> Responsibility: Individual Account    Date Updated: 09/08/2020
> Account Type: Open Account    Original Amount: $425
> Loan Type: COLLECTION AGENCY/ATTORNEY    Original Creditor: MEDICAL-OPTUMCARE LUNG ALLERGY CARE (Medical/Health Care)
> Past Due: >$455<
> Remarks: >PLACED FOR COLLECTION<
> Estimated month and year that this item will be removed: 08/2025

> **PLUS FOUR INC #**[redacted] ( PO BOX 95846, LAS VEGAS, NV 89193-5846, (702) 898-1033 )
> We investigated the information you disputed and the disputed information was **VERIFIED AS ACCURATE**. Here is how this item appears on your credit report following our investigation.
> Placed for collection: 06/24/2019    Balance: $455    Pay Status: >In Collection<
> Responsibility: Individual Account    Date Updated: 09/08/2020
> Account Type: Open Account    Original Amount: $425
> Loan Type: COLLECTION AGENCY/ATTORNEY    Original Creditor: MEDICAL-OPTUMCARE LUNG ALLERGY CARE (Medical/Health Care)
> Past Due: >$455<
> Remarks: >PLACED FOR COLLECTION<
> Estimated month and year that this item will be removed: 08/2025

38. Since Plaintiff did not owe the Optumcare Debt, it was not only inaccurate and misleading to report any past due balance or any account in collections, it was blatantly false.

**The Desert Radiology Debt**

39. In a TransUnion credit report dated July 28, 2020, Plusfour inaccurately reported Plaintiff owed a past due amount of $114 on the Desert Debt (as seen below) when, in fact, Plaintiff owed $0.

```
PLUS FOUR INC #         ( PO BOX 95846, LAS VEGAS, NV 89193-5846, (702) 898-1033 )
Placed for collection: 01/11/2017      Balance:           $114                Pay Status:  >In Collection<
Responsibility:    Individual Account  Date Updated:      07/06/2020
Account Type:      Open Account        Original Amount:   $93
Loan Type:         COLLECTION AGENCY/ATTORNEY   Original Creditor:  MEDICAL-DESERT RADIOLOGY
                                                                    (Medical/Health Care)
                                       Past Due:          >$114<
Remarks: >PLACED FOR COLLECTION<
Estimated month and year that this item will be removed: 08/2023
```

40. Since Plaintiff did not owe the Desert Debt, it was not only inaccurate and misleading to report any past due balance or any account in collections, it was blatantly false.

## QUANTUM'S FDCPA VIOLATIONS ON PLAINTIFF'S TRANSUNION REPORT

### The West Valley Debt

41. Plaintiff allegedly incurred a financial obligation ("West Valley Debt") to West Valley Imaging ("West Valley").

42. The West Valley Debt arose from services provided by West Valley which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

43. The West Valley Debt was purchased, assigned or transferred to Quantum for collection, or Quantum was employed by West Valley to collect the

West Valley Debt.

44. Quantum attempted to collect the West Valley Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

45. While Plaintiff did incur the West Valley Debt, Plaintiff's insurance provider took full responsibility for the West Valley Debt. Plaintiff had no responsibility for the West Valley Debt above any copay he would have rendered at the time services were provided.

46. In a TransUnion credit report dated July 28, 2020, Quantum inaccurately reported Plaintiff owed a past due amount of $615 on the West Valley Debt (as seen below) when, in fact, Plaintiff owed $0.

```
QUANTUM COLLECTIONS #        (3080 S DURANGO DR STE 105, LAS VEGAS, NV 89117-4411, (702) 633-8000)
Placed for collection: 07/10/2014    Balance:          $615              Pay Status: >In Collection<
Responsibility:   Individual Account  Date Updated:     06/26/2020
Account Type:     Open Account        Original Amount:  $468
Loan Type:        COLLECTION AGENCY/ATTORNEY   Original Creditor: MEDICAL-WEST VALLEY IMAGING
                                                                   (Medical/Health Care)
                                      Past Due:         >$615<
Remarks: >PLACED FOR COLLECTION<
Estimated month and year that this item will be removed: 10/2020
```

47. Since Plaintiff did not owe the West Valley Debt, it was not only inaccurate and misleading to report any past due balance or any account in collections, it was blatantly false.

### The Ageless Debt

48. Plaintiff allegedly incurred a financial obligation ("Ageless Debt") to Ageless Men's Health ("Ageless").

49. The Ageless Debt arose from services provided by Ageless which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

50. The Ageless Debt was purchased, assigned or transferred to Quantum for collection, or Quantum was employed by Ageless to collect the Ageless Debt.

51. Quantum attempted to collect the Ageless Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

52. While Plaintiff did incur the Ageless Debt, Plaintiff's insurance provider took full responsibility for the Ageless Debt. Plaintiff had no responsibility for the Ageless Debt above any copay he would have rendered at the time services were provided.

53. In a TransUnion credit report dated July 28, 2020, Quantum inaccurately reported Plaintiff owed a past due amount of $267 on the Ageless Debt (as seen below) when, in fact, Plaintiff owed $0.

```
QUANTUM COLLECTIONS #             ( 3080 S DURANGO DR STE 105, LAS VEGAS, NV 89117-4411, (702) 633-8000 )
Placed for collection: 01/20/2017        Balance:            $267                    Pay Status: >In Collection<
Responsibility:    Individual Account    Date Updated:       06/26/2020
Account Type:      Open Account          Original Amount:    $225
Loan Type:         COLLECTION AGENCY/ATTORNEY   Original Creditor:  MEDICAL-AGELESS MEN S HEALTH
                                                                    (Medical/Health Care)
                                         Past Due:           >$267<

Remarks: >PLACED FOR COLLECTION<
Estimated month and year that this item will be removed: 11/2023
```

54. Since Plaintiff did not owe the Ageless Debt, it was not only inaccurate and misleading to report any past due balance or any account in collections, it was blatantly false.

## RICHLAND'S FDCPA VIOLATIONS ON PLAINTIFF'S EQUIFAX REPORT

### The Las Vegas Sinus Debt

55. Plaintiff allegedly incurred a financial obligation ("Las Vegas Sinus Debt") to Las Vegas Sinus ("Las Vegas Sinus").

56. The Las Vegas Sinus Debt arose from services provided by Las Vegas Sinus which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

57. The Las Vegas Sinus Debt was purchased, assigned or transferred to Richland for collection, or Richland was employed by Las Vegas Sinus to collect the Las Vegas Sinus Debt.

58. Richland attempted to collect the Las Vegas Sinus Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

59. While Plaintiff did incur the Las Vegas Sinus Debt, Plaintiff's insurance provider took full responsibility for the Las Vegas Sinus Debt. Plaintiff had no responsibility for the Las Vegas Sinus Debt above any copay he would have rendered at the time services were provided.

60. In an Equifax credit report dated July 25, 2020, Richland inaccurately reported Plaintiff owed a balance of $3,731 on the Las Vegas Sinus Debt (as seen below) when, in fact, Plaintiff owed $0.

> Richland Holdings,inc DBA; Collection Reported 07/2020; Assigned 08/2019; Creditor Class - Medical/Health Care; Original Creditor - Las Vegas Sinus; Amount - $3,731; Status as of 07/2020 - Unpaid; Date of 1st Delinquency 11/2017; Balance as of 07/2020 - $3,731; Individual Account; Account # - [redacted]   Address: Acctcorp Of Southern Nevad 4955 S Durango Dr Las Vegas NV 89113-0152 ; (702) 240-3007

61. Since Plaintiff did not owe the Las Vegas Sinus Debt, it was not only inaccurate and misleading to report any past due balance or any account in collections, it was blatantly false.

## RICHLAND'S FDCPA VIOLATIONS ON PLAINTIFF'S EXPERIAN REPORT

### The Las Vegas Sinus Debt

62. In an Experian credit report dated July 24, 2020, Richland (under the name Accountcorp of Southern Nevada) inaccurately reported Plaintiff owed a past due amount of $3,731 on the Las Vegas Sinus Debt (as seen below) when, in fact, Plaintiff owed $0.

> ACCTCORP OF SOUTHERN NEV Partial Acct # [redacted]  4955 S DURANGO DR STE 177 LAS VEGAS NV 89113 (702) 240 3007
> 
> Date opened: Aug 2019
> Address ID #: 0178428335
> Original creditor: LAS VEGAS SINUS
> Type: Collection
> Responsibility: Individual
> First reported: Nov 2019
> Terms: 1 Months
> Monthly payment: Not reported
> Credit limit or original amount: $3,731
> High balance: Not reported
> Recent balance: $3,731 as of Jul 2020
> Status: Collection account. $3,731 past due as of Jul 2020. This account is scheduled to continue on record until Aug 2024.
> Date of Status: Aug 2019
> 
> Payment history: 2020 — Jan C, Feb C, Mar C, Apr C, May C, Jun ND, Jul C. 2019 — Nov C, Dec C.
> 
> Account History * (AB = Account Balance, DPR = Date Payment Received, SPA = Scheduled Payment Amount, AAP = Actual Amount Paid)
> 
> | | May20 | Apr20 | Mar20 | Feb20 | Jan20 | Dec19 | Nov19 |
> |---|---|---|---|---|---|---|---|
> | AB ($) | 3,731 | 3,731 | 3,731 | 3,731 | 3,731 | 3,731 | 3,731 |
> | DPR | ND | ND | ND | ND | ND | ND | ND |
> | SPA ($) | ND | ND | ND | ND | ND | ND | ND |
> | AAP ($) | ND | ND | ND | ND | ND | ND | ND |
> 
> The original amount of this account was $3,731

63. Since Plaintiff did not owe the Las Vegas Sinus Debt, it was not only inaccurate and misleading to report any past due balance or any account in collections, it was blatantly false.

## RICHLAND'S FDCPA VIOLATIONS ON PLAINTIFF'S TRANSUNION REPORT

### The Las Vegas Sinus Debt

64. In a TransUnion credit report dated July 28, 2020, Richland (under the name Accountcorp of Southern Nevada) inaccurately reported Plaintiff owed a past due amount of $3,731 on the Las Vegas Sinus Debt (as seen below) when, in fact, Plaintiff owed $0.

```
ACCOUNT CORP OF SOUTHERN #        ( 4955 SOUTH DURANGO, SUITE 177, LAS VEGAS, NV 89113, (702) 240-3007 )
Placed for collection: 08/16/2019      Balance:            $3,731           Pay Status:  >In Collection<
Responsibility:    Individual Account  Date Updated:       07/20/2020
Account Type:      Open Account        Original Amount:    $3,731
Loan Type:         MEDICAL DEBT        Original Creditor:  MEDICAL-LAS VEGAS SINUS
                                                           (Medical/Health Care)
                                       Past Due:           >$3,731<
Remarks: >PLACED FOR COLLECTION<
Estimated month and year that this item will be removed: 10/2024
```

65. In two subsequent TransUnion reports, Richland again reported Plaintiff had a past due balance of $3,731 on the Las Vegas Sinus Debt.

```
ACCOUNT CORP OF SOUTHERN          ( 4955 SOUTH DURANGO, SUITE 177, LAS VEGAS, NV 89113, (702) 240-3007 )
We investigated the information you disputed and the disputed information was VERIFIED AS ACCURATE.
Here is how this item appears on your credit report following our investigation.
Placed for collection: 08/16/2019      Balance:            $3,731           Pay Status:  >In Collection<
Responsibility:    Individual Account  Date Updated:       09/08/2020
Account Type:      Open Account        Original Amount:    $3,731
Loan Type:         MEDICAL DEBT        Original Creditor:  MEDICAL-LAS VEGAS
                                                           SINUS (Medical/Health
                                                           Care)
                                       Past Due:           >$3,731<
Remarks: ACCT INFO DISPUTED BY CONSUMR; >PLACED FOR COLLECTION<
Estimated month and year that this item will be removed: 10/2024
```

```
ACCOUNT CORP OF SOUTHERN #        4955 SOUTH DURANGO, SUITE 177, LAS VEGAS, NV 89113, (702) 240-3007 )
We investigated the information you disputed and the disputed information was VERIFIED AS ACCURATE.
Here is how this item appears on your credit report following our investigation.
Placed for collection: 08/16/2019      Balance:            $3,731           Pay Status:  >In Collection<
Responsibility:    Individual Account  Date Updated:       09/21/2020
Account Type:      Open Account        Original Amount:    $3,731
Loan Type:         MEDICAL DEBT        Original Creditor:  MEDICAL-LAS VEGAS
                                                           SINUS (Medical/Health
                                                           Care)
                                       Past Due:           >$3,731<
Remarks: ACCT INFO DISPUTED BY CONSUMR; >PLACED FOR COLLECTION<
Estimated month and year that this item will be removed: 10/2024
```

66. Since Plaintiff did not owe the Las Vegas Sinus Debt, it was not only inaccurate and misleading to report any past due balance or any account in

collections, it was blatantly false.

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, et seq.

67. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

68. Defendants' conduct violated 15 U.S.C. § 1692e(8) in that Defendants communicated or threatened to communicate false credit information, including the failure to communicate that the various Debts were "disputed", in an attempt to collect a debt.

69. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

70. Plaintiff is entitled to damages as a result of Defendants' violations.

71. Plaintiff has been required to retain the undersigned as counsel to protect her legal rights to prosecute this cause of action, and is therefore entitled to an award of reasonable attorneys' fees plus costs incurred.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants Aargon Agency, Inc; Plusfour, Inc; Quantum Collections; and Richland Holdings, Inc dba Accountcorp of Southern Nevada, awarding Plaintiff:

## COUNT I.
## VIOLATIONS OF 15 U.S.C. § 1692

1. actual damages including, but not limited to, the emotional distress Plaintiff has suffered (and continues to suffer) as a result of the intentional, reckless, and/or negligent FDCPA violations pursuant to 15 U.S.C. § 1692k(a)(1);

2. statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

///

///

///

///

3. punitive damages; and

4. any other and further relief that the Court may deem just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: November 21, 2020

          Respectfully submitted,

By   /s/ David Krieger, Esq.
      David Krieger, Esq.
      Nevada Bar No. 9086
      Shawn Miller, Esq.
      Nevada Bar No. 7825
      KRIEGER LAW GROUP, LLC
      2850 W. Horizon Ridge Parkway
      Suite 200
      Henderson, Nevada 89052
      Phone: (702) 848-3855
      Email: dkrieger@kriegerlawgroup.com
      Email: smiller@kriegerlawgroup.com

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy, Suite 200
Henderson, Nevada 89052